CHARLES A. HATTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hatton v. Commissioner
Docket No. 3330-81.
United States Tax Court
T.C. Memo 1983-28; 1983 Tax Ct. Memo LEXIS 757; 45 T.C.M. (CCH) 528; T.C.M. (RIA) 83028; January 17, 1983. Ronald T. Murphy, for the petitioner. John S. Winkler, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency *759 in the amount of $1,436 in petitioner's Federal income tax for 1977. The only issue for decision is whether a disability pension that petitioner received under the Civil Service Retirement System is excluded from his gross income by section 104(a)(4) [1] relating to pensions, annuities, or other allowances for personal injuries resulting from active service in the armed forces, and to disability pensions payable under the Foreign Service Act. FINDINGS OF FACT At the time the petition was filed, petitioner was a legal resident of Plant City, Florida. He filed his Federal income tax return for 1977 with the Internal Revenue Service, Chamblee, Georgia. Petitioner was born in 1905. From 1939 until June 1946, he was employed by the United States Government as a civil service pipefitter, at Mare Island, California. In June 1946, petitioner was transferred to the island of Saipan as a civilian employee of the United States Navy, which then administered the island. In Saipan, he worked as a leadingman pipefitter for the Navy. At that time, *760 the island was under military law; at first, Japanese prisoners of war were still on the island, and at times he was required to be armed. On January 23, 1947, petitioner was involved while on duty in an automobile accident in which he suffered a permanent injury to his right shoulder. In 1950, petitioner became civilian head of the maintenance section of Water Supply on Guam, a Navy Civil Service position. In 1956, he was made head civilian supervisor of the pipe, boiler, and sheetmetal shops at the Naval Repair Facilities on Guam. In January 1959, he was given a Civil Service Retirement System disability pension based on the injury sustained in the 1947 automobile accident described above. Petitioner has never been appointed to any post in the Foreign Service or the State Department. During his career, he contributed $6,092 to the fund administered under the Civil Service Retirement System covering the following employment periods: May 3, 1929 to September 12, 1929 May 2, 1930 to September 20, 1930 April 3, 1933 to September 2, 1933 April 21, 1934 to September 4, 1934 January 13, 1941 to June 2, 1949 December 16, 1949 to September 30, 1959 Petitioner filed *761 a timely individual income tax return for 1977 on which he did not report as income the sum of $7,794 paid to him as disability income through the Civil Service Retirement System. Respondent determined that the omitted disability pension income is taxable. OPINION To support his claim to exclusion of his disability pension from his gross income for 1977, petitioner relies upon section 104(a)(4). [2] That section, in the form applicable to 1977, excludes from gross income amounts received as a "pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces" or as "a disability annuity payable under the provisions of section 831 of the Foreign Service Act of 1946, as amended (22 U.S.C. 1081)." Petitioner's disability pension under the Civil Service Retirement System does not qualify for exclusion under either one of these provisions. *762 According to the testimony, the island of Saipan was under military law in 1946 and continuing to 1947, when petitioner was injured while working for the United States Navy. In connection with his work for the Navy, he had contact with prisoners of war and, according to his testimony, on occasions was required to be armed. Nonetheless, he was a civilian employee of the Navy and not a member of the armed forces. In Commissioner v. Connelly,338 U.S. 258, 260, 261 (1949), dealing with the exclusion of combat pay to a Coast Guard civil service employee who was enrolled as a commander in the Coast Guard Reserve, the Court denied the taxpayer the claimed exclusion, stating: We agree that he had a military status for some purposes. But the question for tax purposes is whether he received his pay in that status. * * * It seems * * * plain that if he received his pay as a civil service employee and served without military pay and allowances, he is not entitled to the claimed exclusion. Similarly, in Land v. Commissioner,61 T.C. 675 (1974), a civilian airline pilot, who was given the assimilated rank of lieutenant colonel in the United States *763 Air Force while flying support missions from the United States to Vietnam in 1969, was denied the right to exclude from gross income part of his pay. The Court rejected his contention that, within the meaning of section 112(b), his pay was compensation received "for active service as a commissioned officer in the Armed Forces." [3]
*764 No doubt petitioner's work as a civil service employee was of major assistance to the Navy in carrying out its mission on Saipan. No doubt, also, the freedoms that he otherwise would have enjoyed were limited by the military law administered by the Navy. But the evidence is unmistakably clear that his 1947 injury while working in Saipan did not result from "service in the armed forces." He does not, therefore, qualify for the exclusion provided in section 104(a)(4) for such service. Petitioner's contention that he qualifies for the exclusion provided for disability annuities payable under section 831 of the Foreign Service Act of 1946, as amended (22 U.S.C. 1081) is equally without merit. That section [4] provides for disability payments under stated conditions to any "participant" in the Foreign Service Retirement and Disability System. Participants in that system are defined as follows (22 U.S.C. 1063(a)): *765 (a) The following persons, referred to * * * as participants, shall be entitled to the benefits of the System: (1) All Foreign Service officers; (2) All other persons making contributions to the Fund [i.e., the Foreign Service and Disability Retirement Fund] * * *; (3) Any chief of mission who is not otherwise entitled to be a participant * * *; (4) All Foreign Service staff officers and employees appointed by the Secretary of State or the Director of the United States Information Agency with unlimited appointments. The parties have stipulated that petitioner has never held any one of these enumerated positions. In addition, the State Department has certified that petitioner has made no contributions to, and received no pension from, the Foreign Service Retirement and Disability Fund and was not retired under the Foreign Service Act. We hold, therefore, that petitioner's pension is not excluded from gross income as an annuity payable under the Foreign Service Act. [5]
*766 We hold that petitioner is not entitled to the exclusion claimed for his Civil Service pension. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.↩
2. SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS. (a) In general.--Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include-- (4) amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country or in the Coast and Geodetic Survey or the Public Health Service, or as a disability annuity payable under the provisions of section 831 of the Foreign Service Act of 1946, as amended (22 U.S.C. 1081↩);
3. In Prusia v. Commissioner,T.C. Memo. 1969-148, a civil service employee of the Navy claimed but was denied the combat pay exclusion of sec. 112 for the period he served in Vietnam as a shipping and receiving officer. He was issued an identification card stating that he was a "civilian noncombatant serving with the Armed Forces of the United States." The Court said: The record is clear that petitioner received the compensation as a civil service employee, not as a "member below the grade of commissioned officer * * * [or] as a commissioned officer in the Armed Forces of the United States." The fact that he was assigned to a branch of the military and received some minor trappings of military status is insufficient to bring him within the terms of the exclusion. * * * No doubt Congress is aware of the danger to which civil service employees in combat zones are subjected, yet it has not granted to them the benefit of the exclusion under section 112. This Court certainly has no power to do so.↩
4. 22 U.S.C. 1081(a) provides as follows: § 1081. Retirement due to disability or incapacity (a) Causes; service credit Any participant who has five years of service credit toward retirement under the System, excluding military or naval service, and who becomes totally disabled or incapacitated for useful and efficient service by reason of disease, illness, or injury not due to vicious habits, intemperance, or willful misconduct on his part, shall, upon his own application or upon order of the Secretary, be retired on an annuity computed as prescribed in section 1076 of this title. If the disabled or incapacitated participant has less than twenty years of service credit toward his retirement under the System at the time he is retired, his annuity shall be computed on the assumption that he has had twenty years of service, but the additional service credit that may accrue to a participant under this provision shall in no case exceed the difference between his age at the time of retirement and the mandatory retirement age applicable to his class in the Service.↩
5. Petitioner does not contend that he is entitled to an exclusion under sec. 104(a)(1), as interpreted by sec. 1.104-1(b), Income Tax Regs., which provides for the exclusion from gross income of amounts received for personal injury incurred in the course of employment by an employee under a statute in the nature of a workmen's compensation act; that section does not apply to a pension to the extent it is "determined by reference to the employee's age or length of service, or the employee's prior contributions," and petitioner's pension was so determined. Nor does petitioner contend that he is entitled to the limited ($100 per week) exclusion provided by sec. 105(a) for "amounts received by an employee through accident or health insurance"; the record shows that, when petitioner retired in 1959, the Internal Revenue Service had ruled that Civil Service disability retirees were entitled to a sick pay exclusion not to exceed $5,200 per year until their normal retirement date, but the Tax Reform Act of 1976 changed the date to which the exclusion was allowable to the first of the year in which the retiree reaches age 65. Sec. 105(d)(1)(A). As stated in the text, petitioner was born in 1905 and was thus 72 years of age in 1977, the year before the Court. Petitioner similarly does not contend that he is entitled to an exclusion under sec. 104(a)(3), and the record would not support such a finding. Payments are excludable under that section only to the extent that they are attributable to employee contributions. The stipulated fact that petitioner contributed $6,092 to the Civil Service Retirement System establishes only that some percentage of his benefits might be attributable to his contributions. It does not demonstrate that any part of his benefits may be classified as accident or health insurance and actually were provided by his contributions. Sec. 104(a)(3); secs. 1.104-1(d), 1.105-1(c)(3), and 1.72-15(c)(2), Income Tax Regs.; Chosiad v. Commissioner,T.C. Memo. 1980-408↩.